**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| McKINLEY ROSS,        )<br>                              )<br>            Plaintiff,    )<br>                              )     CIVIL ACTION<br>v.                            )<br>                              )     No. 07-3066-KHV<br>CHERRY DONLEY, et al.,  )<br>                              )<br>            Defendants.  )<br>_____) | |

**MEMORANDUM AND ORDER AND ORDER TO SHOW CAUSE**

McKinley Ross, *pro se*, brings suit against Roger Wherholtz, Secretary of the Kansas Department of Corrections, and various employees of the state correctional facility in Ellsworth, Kansas. Plaintiff alleges violations of his rights under the Fourth, Fifth, Eighth and Fourteenth Amendments. Plaintiff also alleges that defendants violated the Fourth, Fifth, Eighth and Fourteenth Amendment rights of his wife, Susan Giles, and his step-daughter, Megan Giles. This matter comes before the Court on the Motion To Intervene (Doc. #5) which Susan Giles filed March 30, 2007. For reasons stated below the Court overrules the motion.

Giles seeks intervention as of right under Rule 24(a), Fed. R. Civ. P., and in the alternative, permissive intervention under Rule 24(b). Under Rule 24(a), a party may intervene as of right if (1) her application is timely; (2) she claims an interest relating to the property or transaction which is the subject of the action; (3) her interest may as a practical matter be impaired or impeded; and (4) her interest is not adequately represented by existing parties. See San Juan County, Utah v. United States, 420 F.3d 1197, 1207 (10th Cir. 2005). The Tenth Circuit "follows a somewhat liberal line in allowing intervention." Id. An interest which justifies intervention under this rule must be direct, substantial and legally protectable. Utah Ass'n of Counties v. Clinton, 255 F.3d 1246, 1251 (10th Cir. 2001). The

impairment element imposes a minimal burden; one need show only that impairment of her substantial interest is possible if intervention is denied.  San Juan County, 420 F.3d at 1210.  The Tenth Circuit recognizes that the interest and impairment elements of Rule 24(a) are intertwined to the extent that the magnitude of one's interest is dependent in part on the amount of impairment of that interest.  Fed. Deposit Ins. Corp. v. Jennings, 816 F.2d 1488, 1492 (10th Cir. 1987).

Here, Giles does not clearly identify an interest which she seeks to protect through intervention. Presumably, she wishes to intervene so that she may control plaintiff's claim that defendants' violated her rights and those of her daughter.  The Court notes that Giles may assert those claims in a separate lawsuit, however, and she does not suggest that resolution of this action would prevent her from doing so.  The availability of a separate lawsuit cuts against intervention as of right.  See San Juan County, 420 F.3d at 1210 (strongest case for intervention of right exists where intervenor has no claim, not where she could file independent suit); Lucero ex rel. Chavez v. City of Albuquerque, 140 F.R.D. 455, 459 (D.N.M. 1992) (intervention of right denied where party has ability to vindicate rights in separate action).  Moreover, the Court notes that intervention is not appropriate because it would interject issues regarding defendants' conduct toward Giles and her daughter – which are not directly related to plaintiff's claims.[1]  See Jennings, 816 F.2d at 1492 (interjection of new issues reduces efficiency and

---

[1] Plaintiff's complaint alleges that defendants violated the constitutional rights of Giles and her daughter.  Generally, "a litigant . . . may not assert the rights of others not before the court." Nat. Council for Improved Health v. Shalala, 122 F.3d 878, 882 (10th Cir. 1997).  Plaintiff may overcome the limitation on third party standing only by showing both (1) that plaintiff "has a close relationship with the person who possesses the right," and (2) "a hindrance to the possessor's ability to protect his own interests."  Kowalski v. Tesmer, 543 U.S. 125, 130 (2004).  Here, plaintiff has not alleged any hindrance to Giles' ability to assert her own claims or claims on behalf of her daughter, and it therefore appears that plaintiff lacks standing to assert such claims.  This apparent lack of standing implicates the Court's subject matter jurisdiction.  San Juan County, 420 F.3d at 1203. Accordingly, on or before **May 11, 2007**, plaintiff shall show good cause in writing why the Court
(continued...)

undermines justification of intervention); see also Ute Distrib. Corp. v. Norton, 43 Fed. Appx. 272, 277 (10th Cir. 2002) (general interest in litigation insufficient; intervenor must have specific interest in subject of litigation). Under these circumstances, the Court finds that Giles' interests, and the alleged impairment of those interests, are insufficient to justify intervention as of right under Rule 24(a).

Under Rule 24(b), the Court may permit a party to intervene when the applicant's claim shares with the main action a common question of law or fact. Permissive intervention is within the sound discretion of the Court. Arney v. Finney, 967 F.2d 418, 421 (10th Cir. 1992). In deciding the motion, the Court considers (1) whether the application is timely; (2) whether the movant's claim and the underlying action share a common question of law or fact; and (3) whether the intervention will unduly delay or prejudice adjudication of rights of the original parties. Cont'l W. Ins. Co. v. Al's Custom Cutting, Inc., No. 05-2453-CM, 2006 WL 2920315, at *1 (D. Kan. Oct. 11, 2006).

Here, as noted above, plaintiff attempts to assert a claim which is separate from plaintiff's underlying claim in this case. Specifically, the Court notes that the two claims share a common set of operative facts only insofar as plaintiff and Giles were visiting and defendants allegedly accused Giles of passing contraband to plaintiff. Once defendants accused Giles of passing contraband to plaintiff, defendants allegedly separated Giles and plaintiff and detained them independently. The alleged constitutional violations stem from independent confinements, which create uncommon sets of operative facts. See Harris v. Ill.-Cal. Express, Inc., 687 F.2d 1361, 1367 (10th Cir. 1982) (claims which are not factually dependent on one another may be treated a separate actions under Rule 24(b)). Moreover, the Court notes that although plaintiff and Giles each allege violations of the Fourth, Fifth, Eighth and

---

[1](...continued)
should not dismiss for lack of subject matter jurisdiction and failure to state claim his allegations that defendants violated the rights of Susan Giles and her daughter.

3

Fourteenth Amendments, the law which applies to plaintiff's claims will differ because plaintiff is a prisoner subject to greater restrictions of his rights.  See Bell v. Wolfish, 441 U.S. 520, 545-46 (1979) (incarceration brings necessary limitation of many privileges and rights, justified by considerations underlying penal system).  Under these circumstances, the Court declines to allow permissive intervention under Rule 24(b).

**IT IS THEREFORE ORDERED** that the Motion To Intervene (Doc. #5) which Susan Giles filed March 30, 2007 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED that on or before May 11, 2007, plaintiff shall show good cause in writing why the Court should not dismiss for lack of subject matter jurisdiction and failure to state claim his allegations that defendants violated the rights of Susan Giles and her daughter.**

Dated this 26th day of April, 2007 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge
