IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| McKINLEY ROSS,                        )<br>                                                   )<br>                   Plaintiff,            )<br>                                                   )<br>v.                                                )<br>                                                   )<br>CHERRY DONLEY, et al.,         )<br>                                                   )<br>                   Defendants.      )<br>_____) | CIVIL ACTION<br><br>No. 07-3066-KHV |

### ORDER

McKinley Ross, *pro se*, brings suit against Roger Wherholtz, Secretary of the Kansas Department of Corrections, and various employees of the state correctional facility in Ellsworth, Kansas. Plaintiff alleges violations of his rights under the Fourth, Fifth, Eighth and Fourteenth Amendments. Plaintiff also alleges that defendants violated the Fourth, Fifth, Eighth and Fourteenth Amendment rights of his wife, Susan Giles, and his step-daughter, Megan Giles.[1] On March 30, 2007, Susan Giles filed a motion to intervene, see Motion To Intervene (Doc. #5), which the Court overruled on April 26, 2007, see Memorandum And Order And Order To Show Cause (Doc. #33). This matter comes before the Court on the letter from Susan Giles (Doc. #34) filed May 3, 2007, which the Court construes as a motion to reconsider the order overruling her motion to intervene. For reasons stated below the Court overrules the motion.

The Court has discretion whether to grant or deny a motion to reconsider. Hancock v. City of Okla. City, 857 F.2d 1394, 1395 (10th Cir. 1988). The Court may recognize any one of three grounds

---

[1] In its order of April 26, 2007, the Court ordered plaintiff to show good cause in writing on or before May 11, 2007, why his claims on behalf of Susan and Megan Giles should not be dismissed for lack of standing. See Memorandum And Order And Order To Show Cause (Doc. #33) at 2 n.1. Plaintiff has not yet responded.

justifying reconsideration: an intervening change in controlling law, availability of new evidence, or the need to correct clear error or prevent manifest injustice. Major v. Benton, 647 F.2d 110, 112 (10th Cir. 1981); Burnett v. W. Res., Inc., 929 F. Supp. 1349, 1360 (D. Kan. 1996). A motion to reconsider is not a second opportunity for the losing party to make its strongest case, to rehash arguments, or to dress up arguments that previously failed. Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991), cert. denied, 506 U.S. 828 (1992).

Here, Susan Giles does not argue any of the three grounds which may justify reconsideration. She simply re-asserts the factual basis for her constitutional claims. As the Court noted in its order overruling the motion to intervene, intervention is not necessary because Ms. Giles may assert her claims in a separate action, a finding which she does not contest. The Court remains convinced that she should not intervene in this action. The Court therefore overrules her letter (Doc. #34) filed May 3, 2007, which the Court construes as a motion to reconsider the order overruling her motion to intervene.

**IT IS SO ORDERED.**

Dated this 8th day of May, 2007 at Kansas City, Kansas.

s/ Kathryn H. Vratil  
Kathryn H. Vratil  
United States District Judge