## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

McKINLEY ROSS,                          )
                                        )
                          Plaintiff,    )
                                        )          CIVIL ACTION
v.                                      )
                                        )          No. 07-3066-KHV
CHERRY DONLEY, et al.,                  )
                                        )
                          Defendants.   )
_____ )

## ORDER

McKinley Ross, *pro se*, brings suit against Roger Werholtz, Secretary of the Kansas Department of Corrections, and various employees of the state correctional facility in Ellsworth, Kansas. Plaintiff alleges violations of his rights under the Fourth, Fifth, Eighth and Fourteenth Amendments. This matter comes before the Court on plaintiff's Motion For Extension Of Time To Respond To Defendants' Motion To Dismiss & Motion For Injunction Requiring Defendants KDOC/Winfield Corr. Facility To Provide Adequate Law Library Immediately (D.Kan.R.6.1(a); D.Kan.R.65.1) (Doc. #52) filed October 12, 2007. For reasons stated below, the Court sustains the motion for extension of time and overrules the motion for injunction.

## I.    Motion For Extension Of Time

On September 19, 2007, defendants' filed their motion to dismiss. See Motion To Dismiss (Doc. #49). Plaintiff's reply was due October 12, 2007. See D. Kan. Rule 6.1(d)(2). On that date, plaintiff filed this motion for additional time to respond because the printing capability of the on-line legal research system at the Winfield Correctional Facility – where plaintiff is currently detained – had been broken since September 27, 2007. Plaintiff argues that the printer malfunction has delayed his ability to perform legal research and respond to defendants' motion to dismiss. Defendants do not object

to the requested extension of time.  The Court therefore orders plaintiff to respond to defendants' motion no later than **November 16, 2007**.

## II.     Motion For Injunction

Plaintiff requests that the Court enjoin the Kansas Department of Corrections and the Winfield Correctional Facility to immediately provide inmates an adequate law library.  Because a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal.  Schrier v. Univ. of Colo., 427 F.3d 1253, 1258 (10th Cir. 2005).  To obtain a preliminary injunction, plaintiff must establish that (1) he will suffer irreparable injury unless the preliminary injunction issues; (2) the threatened injury outweighs whatever damage the proposed preliminary injunction may cause defendants; (3) the preliminary injunction, if issued, will not be adverse to the public interest; and (4) there is a substantial likelihood that he will eventually prevail on the merits of his claims.  Heideman v. S. Salt Lake City, 348 F.3d 1182, 1188 (10th Cir. 2003).

After reviewing plaintiff's motion, the Court does not believe that he could satisfy any of these elements.  Most clearly, plaintiff is not at risk of irreparable harm.  Like the motion for extension of time, the basis of the motion for injunction is the lack of printing capability for the on-line legal research system at Winfield.  Plaintiff does not argue that the entire legal research system is defective, and nothing in his motion suggests that he cannot simply take hand-written notes of his on-line research or otherwise obtain the required legal authority.  Indeed, in his motion, plaintiff cites several legal authorities, including case law and statutes.  Moreover, the Court has granted his requested extension of time to respond to defendants' motion to dismiss.   Under these circumstances, the Court cannot find that plaintiff will suffer irreparable harm from the lack of printing capability.  Accordingly, his motion for injunction is overruled.

**IT IS SO ORDERED.**

Dated this 1st day of November, 2007 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
Kathryn H. Vratil
United States District Judge