**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **McKINLEY ROSS,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**CHERRY DONLEY, et al.,** )<br>)<br>**Defendants.** )<br>_____) | **CIVIL ACTION**<br><br>**No. 07-3066-KHV** |

**MEMORANDUM AND ORDER**

Under 42 U.S.C. § 1983, McKinley Ross, *pro se*, brings suit against Roger Werholtz, Secretary of the Kansas Department of Corrections ("DOC"), and various employees of the state correctional facility in Ellsworth, Kansas. Plaintiff alleges violations of his rights under the Fourth, Eighth and Fourteenth Amendments. This matter comes before the Court on defendants' Motion To Dismiss (Doc. #49) filed September 19, 2007, and defendants' Motion For Summary Judgment For Failure To Exhaust Administrative Remedies (Doc. #71) filed February 1, 2008. For reasons stated below, the Court sustains the motion for summary judgment and overrules the motion to dismiss as moot.

**Summary Judgment Standards**

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show no genuine issue as to any material fact and that the moving parties are entitled to a judgment as a matter of law. See Fed. R. Civ. P. 56(c); accord Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986); Vitkus v. Beatrice Co., 11 F.3d 1535, 1538-39 (10th Cir. 1993). A factual dispute is "material" only if it "might affect the outcome of the suit under the governing law." Anderson, 477 U.S. at 248. A "genuine" factual

dispute requires more than a mere scintilla of evidence. Id. at 252.

The moving parties bear the initial burden of showing the absence of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Hicks v. City of Watonga, 942 F.2d 737, 743 (10th Cir. 1991). Once the moving parties meet their burden, the nonmoving party must demonstrate that genuine issues remain for trial "as to those dispositive matters for which [he] carries the burden of proof." Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir. 1990); see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986); Bacchus Indus., Inc. v. Arvin Indus., Inc., 939 F.2d 887, 891 (10th Cir. 1991). The nonmoving party may not rest on his pleadings but must set forth specific facts. Applied Genetics, 912 F.2d at 1241.

The Court must view the record in a light most favorable to the party opposing the motion for summary judgment. Deepwater Invs., Ltd. v. Jackson Hole Ski Corp., 938 F.2d 1105, 1110 (10th Cir. 1991). Summary judgment may be granted if the nonmoving party's evidence is merely colorable or is not significantly probative. Anderson, 477 U.S. at 250-51. "In a response to a motion for summary judgment, a party cannot rely on ignorance of facts, on speculation, or on suspicion, and may not escape summary judgment in the mere hope that something will turn up at trial." Conaway v. Smith, 853 F.2d 789, 794 (10th Cir. 1988).

## **Background**

The following material facts are uncontroverted:[1]

---

[1] Plaintiff has not responded to defendants' motion for summary judgment. By failing to do so, plaintiff waives the right to controvert defendants' statement of facts. D. Kan. Rule 56.1(a) ("All material facts set forth in the statement of movant shall be deemed admitted for the purpose of summary judgment unless specifically controverted by the statement of the opposing party."); see (continued...)

At all times relevant to the complaint, DOC confined plaintiff to the state correctional facility in Ellsworth, Kansas. On March 16, 2005, prison authorities issued plaintiff a disciplinary report which alleged that he had introduced contraband into the facility. The report reflected that on March 12, 2005, corrections officers witnessed plaintiff place an unidentified white object into his mouth during a visit with his wife and step-daughter. In response to the suspected illegal activity, prison authorities placed plaintiff in administrative segregation for observation. Plaintiff remained in a "dry cell" for 41 hours, during which time corrections officers performed a body cavity search of plaintiff's person, refused to let him shower and denied him basic hygiene products.

On March 18, 2005, a hearing officer found plaintiff guilty of the alleged violation and sanctioned him to 14 days of segregation, 30 days loss of good time credit and 21 days of restriction. On March 20, 2005, Warden Sam Cline approved these disciplinary sanctions. Plaintiff appealed the disciplinary sanctions to DOC Secretary Werholtz, who affirmed the disciplinary action on April 25, 2005, finding that the hearing officer's decision was based on some evidence.[2]

On March 21, 2005, plaintiff filed two grievances, one complaining of the conditions of his

---

[1](...continued)
also Luginbyhl v. Corr. Corp. of Am., 216 Fed. Appx. 721, 723 (10th Cir. 2007) (by failing to offer timely response, party may waive right to controvert facts in summary judgment motion); Ellibee v. Hazlett, No. 03-3023-JAR, 2006 WL 3050801, at *2 (D. Kan. Oct. 23, 2006) (pro se litigants governed by same procedural rules as other litigants; on summary judgment, Court accepts as true facts which pro se litigant does not controvert). As necessary, the Court supplements defendants' statement of facts with facts taken from plaintiff's complaint – which he filed under penalty of perjury – and the report which the Ellsworth Correctional Facility prepared pursuant to Martinez v. Aaron, 570 F.2d 317 (10th Cir. 1978). See Hall v. Bellmon, 935 F.2d 1106, 1111 (10th Cir. 1991) (Martinez report treated as affidavit; complaint treated as affidavit to extent it alleges facts based on plaintiff's personal knowledge and is sworn under penalty of perjury).

[2] Plaintiff later challenged the disciplinary ruling by filing a petition for writ of habeas corpus in the District Court of Leavenworth County, Kansas. On October 5, 2005, the state court found no evidence to support the disciplinary conviction and granted plaintiff's petition.

administrative segregation (no. 3439) and the other complaining of the disciplinary procedure which he had received (no. 3440). Warden Cline rejected grievance number 3439 on March 22, 2005, and rejected grievance number 3440 on March 23, 2005. Plaintiff did not appeal his grievances to DOC Secretary Werholtz.

Plaintiff claims that by subjecting him to a body cavity search and denying him certain hygiene products while he was confined in administrative segregation, defendants violated his Fourth Amendment right against unreasonable searches and seizures and his Eighth Amendment right against cruel and unusual punishment. Plaintiff further claims that defendants violated his due process rights under the Fourteenth Amendment by convicting him of the contraband violation without any evidence. Defendants seek summary judgment on the ground that plaintiff did not exhaust administrative remedies with respect to these claims.

## **Analysis**

Plaintiff's claims are governed by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e et seq., which provides in pertinent part that

> [n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Section 1997e(a) creates a mandatory exhaustion requirement for prisoner suits. Porter v. Nussle, 534 U.S. 516, 524 (2002). Failure to exhaust administrative remedies is an affirmative defense which defendant must plead and prove. Jones v. Bock, 127 S. Ct. 910, 921 (2007).

The doctrine of exhaustion of administrative remedies provides that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been

exhausted. Woodford v. Ngo, 126 S. Ct. 2378, 2384-85 (2006). The PLRA is designed to afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case. Id. at 2387. For purposes of the PLRA, proper exhaustion requires completion of the administrative review process in accordance with the applicable procedural rules which the prison grievance process prescribes. Jones, 127 S. Ct. at 922-23.

The grievance procedure for Kansas state prisoners is established through administrative regulations. See Kan. Admin. Regs. §§ 44-15-101-106. Section 44-15-102 creates a three-step process which requires a prisoner to "first seek information, advice, or help on any matter from [his] unit team." Id. § 44-15-102(a)(1). If the prisoner is not satisfied with step one, he may submit "an inmate grievance report form . . . to a staff member for transmittal to the warden." Id. § 44-15-102(b). Finally, if the prisoner remains unsatisfied with the warden's resolution of his grievance, he may appeal the matter to the secretary of corrections "by indicating on the grievance appeal form exactly what [he] is displeased with and what action [he] believes the secretary should take." Id. § 44-15-102(c)(1).

Section 44-15-101a(d) describes the applicability of the Kansas prisoner grievance procedures as follows:

> (1) The grievance procedure shall be applicable to a broad range of matters that directly affect the inmate, including the following:
>
>   (A) Complaints by inmates regarding policies and conditions within the jurisdiction of the facility or the department of corrections; and
>
>   (B) actions by employees and inmates, and incidents occurring within the facility.
>
> (2) The grievance procedure shall not be used in any way as a substitute for, or as part of, the inmate disciplinary procedure, the classification decision-making process, the property loss or personal injury claims procedure, or the procedure for censorship of

publications specified in the secretary's internal management policy and procedure. Id. § 44-15-101a(d)(1)-(2). Plaintiff's Fourth and Eighth Amendment claims which complain of the body cavity search and the denial of certain hygiene products while in administrative segregation clearly fall within the grievance procedure under Section 44-15-101a(d)(1)(B) as matters involving actions by prison employees and incidents occurring within the facility. With regard to plaintiff's Fourteenth Amendment due process claim that the hearing officer convicted him without any evidence, Section 44-15-101a(d)(2) allows a prisoner to challenge the evidentiary basis of a hearing officer's decision.[3] Beem v. McKune, No. 98,575, 2008 WL 496164, at *3 (Kan. Ct. App. Feb. 22, 2008) (Section 44-15-101a(d)(2) permits grievance of manner in which disciplinary hearing officer's was made, including objection to reliance on obviously erroneous fact).

Because the claims which plaintiff asserts in this action fall within the purview of the Kansas prisoner grievance regulations, the PLRA mandates that he exhaust the administrative remedies available for those claims before bringing a federal action. Plaintiff did not do so. Although he filed with the warden two grievances involving the subject matter of his federal claims, he did not appeal

---

[3] Section 44-15-101a(d)(2) serves as a viable administrative remedy so long as the prisoner does not use it as a substitute for the disciplinary procedure. In Beem, the prisoner appealed his disciplinary conviction to the warden and the warden denied the appeal. 2008 WL 496164, at *1. The prisoner then filed a grievance which requested reconsideration of his appeal. Id. Although Section 44-15-101a(d)(2) states that the grievance procedure may not be used as a substitute for the disciplinary procedure, the Kansas Court of Appeals found that because the warden had affirmed the hearing officer's decision in the prisoner's initial appeal of the disciplinary conviction, the disciplinary procedure had become final and the grievance which followed did not function as a substitute for that procedure. Id. at *3. Under those circumstances, the Kansas Court of Appeals found to be proper the grievance of the manner in which the hearing officer made his decision. Id. Here, because plaintiff filed his grievance of the disciplinary process after Warden Cline affirmed the hearing officer's decision, the grievance procedure was a viable administrative remedy.

Because the disciplinary procedure and the grievance procedure are not interchangeable, plaintiff's pursuit of an appeal through the disciplinary procedure does not satisfy the requirement that he also exhaust the grievance procedure if that administrative remedy was available to him.

the unsatisfactory resolution of those grievances to the Kansas secretary of corrections, as step three of the state grievance procedure required. On this record, the Court finds no genuine issue of material fact whether plaintiff exhausted his administrative remedies before bringing this action. Because plaintiff did not properly exhaust his administrative remedies, his federal claims may not proceed. See Jones, 127 S. Ct. at 918-19 (exhaustion mandatory under PLRA and unexhausted claims cannot be brought in court). The Court therefore finds that defendants are entitled to judgment as a matter of law in this case.[4]

**IT IS THEREFORE ORDERED** that defendants' Motion For Summary Judgment For Failure To Exhaust Administrative Remedies (Doc. #71) filed February 1, 2008 be and hereby is **SUSTAINED**. The Clerk of the Court is directed to enter judgment in favor of defendants in this matter.

**IT IS FURTHER ORDERED** that defendants' Motion To Dismiss (Doc. #49) filed September 19, 2007 be and hereby is **OVERRULED as moot**.

Dated this 6th day of March, 2008 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge

---

[4] Because the Court finds that defendants are entitled to summary judgment for lack of exhaustion of administrative remedies, it need not reach the issues which defendants have raised in their motion to dismiss. Accordingly, the Court overrules that motion as moot.